1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JEROME TALLEY,

                                        Plaintiff,

        v.

WILLIAM HOUSER,

                                        Defendant.

No. C15-5712 RBL-KLS

**REPORT AND RECOMMENDATION**
**Noted For:  October 23, 2015**

    Plaintiff Jerome Talley, a pretrial detainee being held at Kitsap County Jail, filed an

application to proceed *in forma pauperis* (IFP) in this civil rights action on October 2, 2015.

Dkt. 1.  Plaintiff has over ten §1983 cases currently pending before this Court.  On September

24, 2015, Senior District Judge Lonny R. Suko entered an order denying Plaintiff's application to

proceed IFP in *Talley v. Sias, et al.*, 3:15-cv-5501-LRS (W.D. Wash) because Plaintiff incurred

at least three "strikes" prior to initiating the lawsuit.  Judge Suko also denied the applications to

proceed IFP in *Talley v. Congalton, et al.*, 3:15-cv-5534-LRS (W.D. Wash) and *Talley v.*

*Creatura*, 3:15-cv-5585-LRS (W.D. Wash) because Plaintiff has incurred at least three "strikes."

    Concurring with Judge Suoko, this Court finds Plaintiff incurred the following "strikes"

prior to filing this lawsuit: *Talley v. Holevinski* (E.D. Wash Case No. 02:99-cv-5036); *Talley v.*

*Bailey, et al.* (W.D. Wash Case No. 2:08-cv-00677-TSZ); *Talley v. Bailey, et al. (II)* (W.D. Wash

REPORT AND RECOMMENDATION - 1

Case No. 2:08-cv-00752-RSM); and *Talley v. Rogers* (W.D. Wash Case No. 2:08-cv-01761-TSZ).  *See also Talley v. Sias, et al.*, 3:15-cv-5501-LRS (W.D. Wash) [1].

## DISCUSSION

Because Plaintiff has incurred at least three strikes, he may not proceed IFP unless he can show he is "under imminent danger of serious physical injury."  28 U.S.C. § 1915(g).  The imminent danger exception requires a prisoner allege a danger which is "ready to take place" or "hanging threateningly over one's head."  *Andrews v. Cervantes*, 493 F.3d 1047, 1056 (9th Cir. 2007).  In this case, Plaintiff sues a Washington Superior Court Judge, alleging that the judge denied him his day in court.  Dkt. 1.

Plaintiff does not allege danger of any physical injury, much less an imminent serious physical danger which is "ready to take place" or "hanging threateningly over [his] head." *Cervantes*, 493 F.3d at 1056.  Therefore, the imminent danger exception does not apply in this case, and Plaintiff is subject to the three-strikes rule.

## CONCLUSION

The Court recommends Plaintiff's Motion to Proceed IFP (Dkt. 1) be denied as Plaintiff has incurred at least three strikes under 42 U.S.C. § 1915(g).  The Court further recommends Plaintiff be ordered to pay the $400.00 filing fee within thirty days of the District Court's order and, if the fee is not paid, dismiss this case without prejudice.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those

---

[1] This court may take notice of judicial proceedings in another court.  *See U.S. ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992).

1   objections for purposes of appeal. *Thomas v Arn*, 474 U.S. 140 (1985). Accommodating the time

2   limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **October**

3   **23, 2015,** as noted in the caption.

4          DATED this 7th day of October, 2015.

5

6

7

8                                                  Karen L. Strombom
                                                   United States Magistrate Judge
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

REPORT AND RECOMMENDATION - 3